Robert E. Trop – SBN 027856
**Law Office | Robert Evan Trop PLLC**
2942 N. 24th Street, Suite 114
Phoenix, Arizona 85016
Tel.: (602) 424-5725
Fax: (800) 741-2209
robert@troplaw.net
Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Troy Ostermeyer, | No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| Gilbert Police Officer William Caouette (ID#3865), in his individual capacity, and the Town of Gilbert, | |
| Defendants. | |

For his complaint against the Defendants, the Plaintiff Troy Ostermeyer, alleges as follows:

## INTRODUCTION

1. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution against Gilbert Police Officer William Caouette (ID No. 3865) ["Caouette"], in his individual capacity.

- 1 -

2. It is alleged that Caouette unlawfully detained Plaintiff when no reasonable suspicion existed that Plaintiff committed, was committing, or was about to commit a crime. It is also alleged that Caouette unlawfully arrested Plaintiff without probable cause.

3. It is further alleged that Caouette maliciously filed a prosecution claim against Plaintiff. There is a state law claim for this tort in addition to a federal claim under 42 U.S.C. § 1983 for the malicious prosecution.

4. The claim against the Town of Gilbert is a *Monell* claim because the policies (official and unofficial), customs, and practices of the Gilbert Police Department and the Town of Gilbert were a "moving force" behind the deprivation of Plaintiff's constitutional rights.

## JURISDICTION

5. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 1343.

6. The Court has personal jurisdiction over Defendants because the alleged incidents occurred within the district of this Court.

## VENUE

7. Venue is proper in the District of Arizona pursuant to 28 U.S.C. § 1391(b).

## PARTIES

8. Plaintiff Troy Ostermeyer is a citizen of the United States, and a resident of Maricopa County, Arizona, with address of 7222 E. Naranja Ave., Mesa, Arizona.

9. Defendant Caouette is or was a sworn peace officer of the Town of Gilbert Police Department, and he was acting in his individual capacity, under color of law, pursuant to statutes, ordinances, regulations, policies, customs, and practices of the Town of Gilbert and its police department.

10. The Town of Gilbert is a political subdivision and a public entity, formed and designated as such under Arizona Revised Statutes, and as such under applicable federal constitutional and statutory laws may be held directly liable for violation of Plaintiff's civil rights, based upon deliberate indifference to the federally secured rights of citizens by its policymakers, that have allowed policies (official and unofficial), customs, practices, and procedures of the Town of Gilbert and its police department that resulted in unconstitutional policing.

## FACTS

11. On October 27, 2013, Plaintiff was at a residence of a friend located at 2131 Saratoga Street, Gilbert, Arizona.

12. The Plaintiff and his wife, along with other friends and invited guests, were at the above-residence for a social gathering.

13. There came a time that evening that the Defendant Caouette, with several other Town of Gilbert police officers, responded to a call for assistance for a person on the street located in front of a different residence on the street.

14. The call for assistance in the preceding paragraph had nothing to do with the residence Plaintiff was at or the Plaintiff.

15. The Plaintiff and others at the residence he was at went out of the residence onto the front lawn to see what was going on due to the police lights observed from patrol cars down the street.

16. The Plaintiff was on the private property of the residence he was at with other invited guests and they were talking amongst each other.

17. When the officers that responded to the call for assistance could not determine who the girl was in the street, the officers walked down the street to the residence that Plaintiff was at.

18. There came a time Defendant Caouette walked over to Plaintiff and asked for his name.

19. Plaintiff responded in sum and substance that he was not legally required to state his name.

20. Defendant Caouette responded to Plaintiff that he was in fact required to state his name.

21. Plaintiff then looked down at his phone.

LAW OFFICE
**ROBERT EVAN TROP PLLC**
2942 N. 24TH STREET, SUITE 114
PHOENIX, ARIZONA 85016
www.troplaw.net

22. While looking at his phone, Defendant Caouette grabbed Plaintiff's right arm.

23. Defendant Caouette then raised a can of Mace pepper spray at Plaintiff, threatening to discharge it at Plaintiff.

24. Defendant Caouette then ordered Plaintiff to lay on the ground.

25. Plaintiff lay down on the ground as commanded by Caouette after Caouette threatened to discharge the Mace pepper spray at Plaintiff.

26. Defendant Caouette then grabbed Plaintiff's phone and threw it across the yard.

27. Defendant Caouette then placed Plaintiff in restraints.

28. Defendant Caouette then picked up Plaintiff off of the ground.

29. Defendant Caouette then stated in sum and substance: "I am going to have fun booking you into the Fourth Avenue Jail."

30. Defendant Caouette then escorted Plaintiff to Caouette's patrol vehicle.

31. Defendant Caouette then initiated a search of Plaintiff's person at the patrol vehicle.

32. The Defendant Caouette then placed Plaintiff in a patrol vehicle.

33. Plaintiff said in sum and substance: "All of this for not giving my name?"

34. Sometime later, the Defendant removed the restraints.

LAW OFFICE
**ROBERT EVAN TROP PLLC**
2942 N. 24TH STREET, SUITE 114
PHOENIX, ARIZONA 85016
www.troplaw.net

35. The Defendant cited the Plaintiff under Town of Gilbert Municipal Code § 42-179 (Interfering with a Police Officer), thus initiating criminal proceedings against Plaintiff.

36. The criminal proceedings terminated in Plaintiff's favor.

37. The criminal proceedings lacked probable cause.

38. Defendant Officer Caoutte acted primarily for a purpose other than bringing an offender to justice.

39. The charges filed in the Gilbert Municipal Court were filed by Defendant with the intent to deprive Plaintiff of his Fourth Amendment constitutional rights." *Awabdy v. Town of Adelanto*, 368 F.3d 1062, 1069–72 (9th Cir. 2004), and as such a "naked constitutional tort" [*i.e.*, malicious prosecution under federal law] was committed against Plaintiff. *Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

40. The acts of the Defendant Caouette were made with an evil motive and a reckless indifference to Plaintiff's federal constitutional rights, warranting an award of punitive damages.

41. The Fourth Amendment of the United States Constitution provides as follows: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by

Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

42. The Fourteenth Amendment makes the requirements of the Fourth Amendment and the case law interpreting same applicable and binding upon all states and the municipalities contained therein.

43. Without reasonable suspicion, a person "may not be detained even momentarily." *Florida v. Royer,* 460 U.S. 491, 498 103 S.Ct. 1319, 75 L.E.2d 229 (1983).

44. The encounter between Caouette and Plaintiff was a consensual encounter.

45. During a consensual encounter, any "refusal to cooperate, without more, does not furnish the minimal level of objective justification needed for a detention or seizure." *Florida v. Bostick*, 501 U. S. 429, 437 (1991).

46. Under the Fourth Amendment, a warrantless arrest is not constitutional when probable cause is missing. *See United States v. Thorton*, 710 F.2d 513, 515 (9th Cir. 1983)(citing *Gerstein v.* Pugh, 420 U.S. 103, 111-14 (1975)).

47. The actions of the Defendant Caouette violated the following clearly established and well-settled federal constitutional rights of Plaintiff, namely:

    a. Freedom from the unreasonable detention, and search and seizure of his person;

  b. Freedom from the use of excessive, unreasonable and unjustified force against his person.

48. As a direct and proximate result of the said acts of the Defendant Caouette, Plaintiff suffered the following injuries and damages: Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unlawful investigative detention, an unreasonable search and seizure of his person, unlawful arrest, malicious prosecution, excessive force, and denials of liberty related thereto.

## CAUSES OF ACTION

## COUNT I

### Fourth Amendment Claim Against Caouette — 42 U.S.C. § 1983

49. Plaintiff realleges and incorporates by reference all allegations set forth in each of the preceding paragraphs of the Complaint.

50. Plaintiff claims damages for the violations of his constitutional rights and the additional damages stemming therefrom under tort principles for the unlawful detention, unlawful arrest, unlawful imprisonment, and excessive force to his person, set forth above under 42 U.S.C. § 1983 against Defendant Caouette for violation of Plaintiff's constitutional rights under color of law.

## COUNT II

### Malicious Prosecution Claim — State Law

51. Plaintiff realleges and incorporates by reference all allegations set forth in each of the preceding paragraphs of the Complaint.

52. Plaintiff claims damages for malicious prosecution under state law.

53. The proceedings for an alleged violation of the Town Code (§ 42-179) in the Town of Gilbert Court were initiated by Defendant Caouette.

54. The proceedings terminated in Plaintiff's favor.

55. The proceedings lacked probable cause.

56. The proceedings were initiated by the Defendant Caouette primarily for a purpose other than bringing an offender to justice.

57. The Plaintiff timely filed a Notice of Claim with the Town of Gilbert.

58. More than sixty (60) days have elapsed since the Notice of Claim was filed and as such the claim is deemed denied.

## COUNT III

### Malicious Prosecution Claim — 42 U.S.C. § 1983

59. Plaintiff realleges and incorporates by reference all allegations set forth in each of the preceding paragraphs of the Complaint.

60. The Ninth Circuit has held that a person may sue under Section 1983 for malicious prosecution as a "naked constitutional tort." *Galbraith v. County of Santa Clara,* 307 F.3d 1119 (9th Cir. 2002).

61. Plaintiff, in addition to the state allegations incorporated by reference, states that the Defendant Caouette acted with the intent to deprive Plaintiff of specific constitutional rights, namely, those under the Fourth Amendment.

## COUNT IV

### Monell Liability Against
### Town of Gilbert — 42 U.S.C. § 1983

62. Plaintiff realleges and incorporates by reference all allegations set forth in each of the preceding paragraphs of the Complaint.

63. Prior to and including October 27, 2013, the date of arrest, the Town of Gilbert Police Department developed and maintained policies (official and unofficial), customs, practices, and procedures, that are deliberately indifferent to the federal constitutional rights of citizens of the Town of Gilbert, Maricopa County, State of Arizona, and citizens of the United States.

64. The Town of Gilbert Police Department has a policy of acquiescence in letting officers violate federally secured constitutional rights of citizens by failing to follow proper police procedures as required by the Fourth Amendment.

65. Even though the Town of Gilbert Police Department has inadequate policies and training, and poor systems of oversight and accountability, these institutional failures persist despite the Town of Gilbert's awareness that the foregoing creates a risk of unconstitutional policing.

66. The Town of Gilbert Department and the Town of Gilbert continue to fail to adopt policies and practices to prevent and address unconstitutional policing.

67. The Town of Gilbert Police Department and the Town of Gilbert have unofficial policies, customs, and practices that result in, allow, and disregard unconstitutional policing.

68. The Town of Gilbert Police Department and the Town of Gilbert fail to collect data that will permit the identification of unconstitutional practices in policing.

69. The Town of Gilbert Police Department has no system in place for effectively tracking its officers' conduct as related to detentions without reasonable suspicion, and arrests without probable cause, and uses of excessive force, or complaints by citizens that claim violations as a result of those actions; this type of data is collected by many other law enforcement agencies as a means of preventing unconstitutional policing.

70. The system of the Town of Gilbert Police Department and the Town of Gilbert for investigating complaints of officer misconduct gives substantial discretion to the supervisor of the officer who is the subject of the complaint. Supervisors, who may bear some responsibility for that misconduct, are given discretion to close the investigation of the complaint without further notification

through the command structure, notification of Internal Affairs, or centralized record keeping.

71. Neither Internal Affairs nor any other element of the Town of Gilbert Police Department command structure adequately tracks allegations of officer misconduct.

72. The Town of Gilbert Police Department and the Town of Gilbert both discourage individuals from filing complaints by failing to have adequate processes for them.

73. The Town of Gilbert Police Department and the Town of Gilbert fail to collect data that would assist with identifying and correcting incidents of unconstitutional policing.

74. The Town of Gilbert Police Department and the Town of Gilbert have inadequate policies or procedures designed to prevent unconstitutional policing.

75. The Town of Gilbert Police Department and the Town of Gilbert are fully aware of the risk of unconstitutional policing created by their policies (official and unofficial), customs, practices, and procedures, and it reveals a reckless disregard for the federally secured rights of citizens, and an intent to violate those rights.

76. Due to the policies (official and unofficial), customs, practices, and procedures of Town of Gilbert Police Department and the Town of Gilbert, the individual Defendant Caouette believed his actions would not be properly

monitored by supervisors and that his misconduct would not be investigated or sanctioned, but would be tolerated.

77. Prior to and including October 27, 2013, the Town of Gilbert Police Department and the Town of Gilbert was aware of the policies (official and unofficial), customs, practices, and procedures of its law enforcement agency, the Town of Gilbert Police Department, and the deliberate indifference to the constitutional rights of citizens in allowing officers of the department to violate those clearly established federal constitutional rights.

78. Notwithstanding the long-standing policies (official and unofficial), customs, practices, and procedures of the Town of Gilbert Police Department, the Defendant, Town of Gilbert, nonetheless has done nothing to remedy the constitutional violations that are deliberate indifferent to the federally secured constitutional rights of citizens.

79. As a result, the Defendant, Town of GIlbert, in ignoring for years repeated constitutional violations committed by officers of the Gilbert Police Department, and the failures in training, policies (official and unofficial), customs, and practices, the Defendant, Town of Gilbert, has turned a blind eye and ignored those violations with deliberate indifference.

80. Defendant, Town of Gilbert, prior to and including October 27, 2013, had a policy and custom of inadequately and improperly investigating

complaints of misconduct by officers of the Gilbert Police Department, and acts of misconduct instead were tolerated by defendant, Town of Gilbert.

81. Defendant, Town of Gilbert, has had a long-standing custom and policy of inadequately supervising the Town of Gilbert Police Department, its officers, and training and in-service re-training, thereby failing to adequately discourage further constitutional violations on the part of the officers in the Town of Gilbert Police Department.

82. The Town of Gilbert Police Department and the Town of Gilbert did not require appropriate in-service training and re-training as related to the avoidance of unconstitutional policing.

83. The Town of Gilbert Police Department and the Town of Gilbert did not require re-training of officers who were known to have engaged in police misconduct.

84. The Defendant, Town of Gilbert, thus promotes policies (official and unofficial), customs, practices, and procedures that allow unconstitutional or discriminatory policing, as demonstrated by inadequate policies, ineffective training, virtually non-existent accountability measures, poor supervision, scant data collection measures, distorted enforcement priorities, an ineffective complaint and disciplinary system, and dramatic departures from proper law enforcement procedures.

85. As a result of the foregoing policies (official and unofficial), customs, and practices that are allocable to Defendant, Town of Gilbert, for direct supervisory liability under *Monell*, the individual Defendant Caouette, believed that his actions would not be properly monitored by supervisors and that his misconduct would not be investigated or sanctioned, but would be tolerated.

86. The above-described policies (official and unofficial), customs, practices, and procedures demonstrate a deliberate indifference on the part of the policymakers of the Town of Gilbert to the constitutional rights of persons within the Town of Gilbert, County of Maricopa, State of Arizona, and contributed to and caused the violations of plaintiff's rights herein.

## JURY DEMAND

87. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, Troy Ostermeyer, hereby demands a trial by jury as to all issues so triable.

## REQUESTS FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests the Court to:

A.  Issue a Judgment awarding compensatory damages to Plaintiff against Defendant, Officer Caouette;

B.  Issue a Judgment awarding punitive damages against the Defendant Officer Caouette;

C.  Issue a Judgment against the Town of Gilbert pursuant under the *Monell* doctrine;

C. An award of reasonable attorney's fees, costs and disbursements, pursuant to 28 U.S.C. § 1988;

D. For the costs and disbursements to prosecute the action; and

E. Such other and further relief as this Court may deem just and proper under the circumstances.

RESPECTFULLY SUBMITTED this 8th day of May, 2015.

**Law Office | Robert Evan Trop PLLC**

By: s/ *Robert E. Trop*
Robert E. Trop – SBN 027856
Attorney for Plaintiff